ORIGINAL

```
                                    Priority
                                    Send      ✓
                                    Enter     ✓
       FILED                        Closed
CLERK, US DISTRICT COURT            JS-5/JS-6
                                    JS-2/JS-3
   SEP 15 2003                      Scan Only
```

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

ENTERED
CLERK, U.S. DISTRICT COURT
SEP 16 2003
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANNI VERSACE, S.p.A. a Foreign Corporation, | NO. CV 03-3254 SJO (RNBx) |
| Plaintiff, | **RICO ORDER** |
| v. | |
| MONIR M. AWADA, an Individual, ALI CHAHINE, an Individual, GINNO CHAHINE, an Individual,; MOHAMAD N. CHAHINE, an Individual, NADER CHAHINE, an Individual;ALI KALIL ELREDA, an Individual,.;FIRAS MOHAMMAD FAKIH; ALI FARHAT, an Individual; HASSAN M. FARHAT, an Individual; MOHAMAD FARHAT, an Individual; YOUSSEF M. FARHAT, an Individual; ALI ADNAN GHACHAM, an Individual; ALI DAOUD GHACHAM, an Individual; BASSAM ADNAN GHACHAM, an Individual, HUSSEIN DAOUD GHACHAM, an Individual; MOHAMED GHACHAM, an Individual; OSSAMA DAOUD GHACHAM, an Individual; TAGRID GHACHAM, an Individual; RAMONA GONZALEZ, an Individual; MAHMOUD H. HARB, an Individual; MAHA ASSAAD JOMAA, an Individual; MOUSSA MATAR, an Individual; HUSSEIN MOURAD, an Individual; SAMIR MOURAD, an Individual; YAMEL MOURAD, an Individual; ABDEL NABI SAAB, an | |

Individual; ALI HUSSEIN SAAB, an Individual; ALI NAIM SAAB, an Individual; ELSA SAAB, an Individual; HASSAN SAAB, an Individual; MOHAMAD AHMAD SAAB, an Individual; TASHIN SAAB, an Individual; YOUSEF SAAB, an Individual; ABBAS A. SALEH, an Individual; AHMED K. SALEH, an Individual; ALI S. SALEH, an Individual; HASSAN S. SALEH, an Individual; HUSSEIN K. SALEH, an Individual; MAHMOUD KAHLIL SALEH, an Individual; MIRIAM SALEH, an Individual; NAJIBE SALEH, an Individual; IKHLAS SALIM, an Individual; ANA MARIA SANDOVAL, an Individual; JOSE G. SANDOVAL, an Individual; ALI M. TEHFI, an Individual; KHALED TEHFE, an Individual; NAZIH TEHFE, an Individual; AWADA BROS, INC., a California Corporation; AWADA BROTHERS, INC., a California Corporation; THE BRAND NAME CONNECTION, INC., a California Corporation; CASANOVA, INC., a California Corporation; CASANOVA L'UOMO, INC., a California Corporation; DENIM PALACE, INC., a California Corporation; GHACHAM, INC., a California Corporation; HIP HOP CONNECTIONS, INC., a California Corporation; JAVINCCI, LLC., a California Limited Liability Corporation; LA BRAND NAME, INC., a California Corporation; LIMITED CLOTHING, INC., a California Corporation; MAS SPORTSWEAR, INC., a California Corporation; MGM TRADING, INC., a California Corporation; MIRAGE CONNECTION, INC., a California Corporation; SAAB & SONS CLOTHING, INC., a California Corporation; SAAB GROUP, INC., a California Corporation; SPORTS JEANS, INC., a California Corporation; TRES HERMANOS INC., a California Corporation; UNESCO JEANS, INC., a California Corporation; UNESCO JEANS, INC., a California Corporation; MUSTAPHA ALIH SALEH, an Individual; MOOSA DAANA, an Individual, aka MOUSA DAANA dba

| | |
|---|---|
| 1 | DAANA FASHION; AHMAD SALIM, an Individual, dba EL SOCALO; YOUNG JIN PARK, an Individual dba THE BRAND NAME CONNECTION, INC.; HUSSEIN ALI SALEH, an Individual, aka ALI HUSSEIN SALEH dba PAOLO MALDINI; CENSO UNICO, INC., a California Corporation; NUEVA TIENDA, INC., a California Corporation, |
| | Defendants. |

In this action, claims have been asserted under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Section 1961. Under the current practice of Judge S. James Otero, all parties filing RICO claims must file a RICO Statement as noted below.

Plaintiff shall file, on or before **Monday, October 6, 2003,** a full and complete Statement of Compliance with this Order. This Statement shall include the facts plaintiff is relying upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by Fed. R. Civ. P. 11. In particular, this Statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. Sections 1962(a), (b), (c), and or (d).
2. List each defendant and state the alleged misconduct and basis of liability of each defendant.
3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.
4. List the alleged victims and state how each victim was allegedly injured.
5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:
   a. List the alleged predicate acts and the specific statutes which were allegedly violated.

    b.    Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts.

    c.    If the RICO claim is based on the predicate offense of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made.

    d.    State whether there has been a criminal conviction for violation of the predicate acts.

    e.    State whether civil litigation has resulted in a judgment in regard to the predicate acts.

    f.    Describe how the predicate acts form a "pattern of racketeering activity."

    g.    State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6.    Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

    a.    State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise.

    b.    Describe the structure, purpose, function and course of conduct of the enterprise.

    c.    State whether any defendants are employees, officers or directors of the alleged enterprise.

    d.    State whether any defendants are associated with the alleged enterprise.

    e.    State whether plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendant is an enterprise itself, or member of the enterprise.

     f.    If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether plaintiff is alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. Section 1962(a), provide the following information:

     a.    State who received the income derived from the pattern of racketeering activity or through the collection of unlawful debt.

     b.    Describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. Section 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the complaint alleges a violation of 18 U.S.C. Section 1962(c), provide the following information:

     a.    State who is employed by or associated with the enterprise.

     b.    State whether the same entity is both the liable "person" and the "enterprise" under Section 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. Section 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.
17. List the damages sustained for which each defendant is allegedly liable.
18. List all other federal causes of action, if any, and provide the relevant statute numbers.
19. List all pendent state claims, if any.
20. Provide any additional information that plaintiff feels would be helpful to the Court in processing the RICO claim.

IT IS SO ORDERED.

Dated this 15 day of September, 2003.

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE