ORIGINAL

Filed FEB 8 2008
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

1  FELIPA R. RICHLAND, SBN 112458
   RICHLAND & ASSOCIATES
2  8383 Wilshire Boulevard, Suite 708
   Beverly Hills, CA 90211
3  (323) 651-5951 - Telephone
   (323) 651-1088 - Facsimile
4
5  Attorneys for Plaintiff,
   GIANNI VERSACE, S.p.A.
6
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
                   WESTERN DIVISION
10
11 GIANNI VERSACE, S.p.A., a Foreign )  CASE NO.: CV 03-3254 GPS (RNBx)
   Corporation,                      )
12                                    )  FINAL JUDGMENT UPON
                           Plaintiff, )  CONSENT; PERMANENT
13                                    )  INJUNCTION; DISMISSAL OF
             -vs-                     )  CLAIMS; AND [PROPOSED]
14                                    )  ORDER THEREON WITH
                                      )  RESPECT TO DEFENDANTS:
15 MONIR M. AWADA, an Individual;     )
   MOHAMED BDAIR, an Individual; ALI  )
16 CHAHINE, an Individual; GINNO      )  1.  MIRIAM SALEH
   CHAHINE, an Individual; MOHAMAD N. )          dba PAOLO MALDINI
17 CHAHINE, an Individual; NADER      )  2.  ALI HUSSEIN SALEH
   CHAHINE, an Individual; MOUSSA     )          dba PAOLO MALDINI
18 DAANA, an Individual; AKIL EL REDA, an )
   Individual; ALI KHALIL ELREDA, an  )
19 Individual; FIRAS MOHAMMAD FAKIH,  )
   an Individual; ALI YOUSSEF FARHAT, an )
20 Individual; HASSAN MOHAMAD         )
   FARHAT, an Individual; MOHAMAD ALI )
21 FARHAT, an Individual; YOUSSEF M.  )
   FARHAT, an Individual; ALI ADNAN   )
22 GHACHAM, an Individual; BASSAM     )
   ADNAN GHACHAM, an Individual;      )
23 TAGRID ADNAN GHACHAM, an           )
   Individual; ALI DAOUD GHACHAM, an  )
24 Individual; HUSSEIN DAOUD GHACHAM, )
   an Individual; MOHAMED GHACHAM, an )
25 Individual; OSSAMA DAOUD GHACHAM,  )
   an Individual; RAMONA GONZALEZ, an )
26 Individual; MAHMOUD H. HARB, an    )
   Individual; MAHA ASSAAD JOMAA, an  )
27 Individual; MOUSSA MATAR, an Individual; )  Complaint Filed: May 9, 2003
   HUSSEIN MOURAD, an Individual; SAMIR )
28 MOURAD, an Individual; YAMEL       )  Trial Date: June 10, 2008

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

Consent Judgment

| | |
|---|---|
| 1 | MOURAD, an Individual; YOUNG JIN PARK, an Individual; ABDEL NABI SAAB, |
| 2 | an Individual; ALEX SAAB, an Individual; ALI HUSSEIN SAAB, an Individual; ALI |
| 3 | NAIM SAAB, an Individual; ELSA SAAB, an Individual; HASSAN SAAB, an Individual; |
| 4 | HUSSEIN YOUSSEF SAAB, an Individual; AHMAD M. SAAB, an Individual; TASHIN |
| 5 | SAAB, an Individual; YOUSEF SAAB, an Individual; AHMED KHALIL SALEH, an |
| 6 | Individual; HUSSEIN KHALIL SALEH, an Individual; MAHMOUD KHALIL SALEH, |
| 7 | an Individual; ABBAS SALEH SALEH, an Individual; ALI SALEH SALEH, an |
| 8 | Individual; HASSAN SALEH SALEH, an Individual; HUSSEIN SALEH SALEH, an |
| 9 | Individual; NAJIBE SALEH SALEH, an Individual; ABBAS MAHMOUD SALEH, an |
| 10 | Individual; ALI SLEIMAN SALEH, an Individual; HUSSEIN ALI SALEH, an |
| 11 | Individual; MIRIAM S. SALEH, an Individual; MUSTAPHA ALI SALEH, an |
| 12 | Individual; AHMAD SALIM, an Individual; IKHLAS SALIM, an Individual; ANA |
| 13 | MARIA SANDOVAL, an Individual; JOSE G. SANDOVAL, an Individual; ALI M. |
| 14 | TEHFI, an Individual; KHALED TEHFE, an Individual; NAZIH TEHFE, an Individual; |
| 15 | AMA CASUALS, INC., a California Corporation; AWADA BROS, INC., a |
| 16 | California Corporation; AWADA BROTHERS, INC., a California Corporation; |
| 17 | THE BRAND NAME CONNECTION, INC., a California Corporation; CENSO |
| 18 | UNICO, INC., a California Corporation; DENIM PALACE, INC., a California |
| 19 | Corporation; GHACHAM, INC., a California Corporation; HIP HOP CONNECTIONS, |
| 20 | INC., a California Corporation; JAVINCCI, LLC., a California Limited Liability |
| 21 | Corporation; LA BRAND NAME, INC., a California Corporation; LIMITED |
| 22 | CLOTHING, INC., a California Corporation; LOS HERMANOS, INC., a California |
| 23 | Corporation; MAS SPORTSWEAR, INC., a California Corporation; MGM TRADING, |
| 24 | INC., a California Corporation; MIRAGE CONNECTION, INC., a California |
| 25 | Corporation; NUEVA TIENDA, INC., a California Corporation dba NUEVA TIENDA; |
| 26 | SAAB & SONS CLOTHING, INC., a California Corporation; SAAB GROUP, INC., |
| 27 | a California Corporation; SPORT JEANS, INC., a California Corporation; TRES |
| 28 | HERMANOS INC., a California Corporation; |

RICHLAND & ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

Consent Judgment

and **UNESCO JEANS, INC.**, a California  )
Corporation **aka** UNESCO, INC.,and **CINCO**  )
**DE MAYO, INC**, a California Corporation *aka*  )
5 DE MAYO, INC., *dba* 5 de Mayo, Cinco de  )
Mayo and Five de Mayo, Inclusive,  )

　　　　　　　　　　Defendants.  )

Plaintiff, GIANNI VERSACE, S.p.A., a Foreign Corporation ("VERSACE") and Defendants, **MIRIAM SALEH**, an Individual and **ALI HUSSEIN SALEH**, an Individual, collectively *dba PAOLO MALDINI* hereby stipulate and consent to the following Consent Judgment:

**WHEREAS**, the parties have agreed to the entry of the following findings of fact and conclusions of law finally disposing of Count V of the First Amended Complaint asserted by VERSACE, it is hereby ordered, adjudged and decreed that:

**WHEREAS**, ALI HUSSEIN SALEH adopted and began using trademarks in the United States which infringe or otherwise violate VERSACE's registered trademarks: GIANNI VERSACE, VJC, VERSACE and the MEDUSA designs (the "VERSACE Trademarks") as identified in VERSACE's Complaint/1st Amended Complaint;

**WHEREAS**, ALI HUSSEIN SALEH's use of names and marks which incorporate one or more of the VERSACE Trademarks, is likely to cause confusion as to source or origin;

**WHEREAS**, ALI HUSSEIN SALEH's use of names and marks which incorporate one or more of the VERSACE Trademarks, was with reckless disregard to VERSACE's rights for the purpose of trading on the good will and reputation of VERSACE;

**WHEREAS**, ALI HUSSEIN SALEH promoted and advertised names and marks which incorporate one or more of the VERSACE Trademarks;

**WHEREAS**, ALI HUSSEIN SALEH sold and/or offered for sale merchandise bearing names and marks which incorporate one or more of the VERSACE Trademarks;

**WHEREAS**, based upon VERSACE's good faith prior use of the VERSACE Trademarks, VERSACE has superior and exclusive rights in and to the VERSACE

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

Consent Judgment

3 of 7

Trademarks in the United States and any confusingly similar names or marks;

**WHEREAS,** VERSACE Trademarks registered, at issue in this matter, and on file with the United States Patent and Trademark Office are famous and distinctive; and

**WHEREAS,** this Court has jurisdiction over the party to this action and over the subject matter hereof pursuant to 15 USC 1121(a) and 28 USC 1331, 1338(a) and (b), and 28 USC 1367,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant ALI HUSSEIN SALEH, an Individual, *dba PAOLO MALDINI* violated the Federal Lanham Act as alleged in Count V - TRADEMARK INFRINGEMENT AND COUNTERFEITING (15USC § 1114(1)).

2. Defendant ALI HUSSEIN SALEH, his parents, subsidiaries, related entities, divisions, officers, owners, shareholders, employees, affiliates, servants, representatives, agents, predecessors, assigns and successors in interest of any kind, and all persons, firms, entities, or corporations under his direction and control or in active concert or participation with him, are immediately and permanently enjoined throughout the world from directly or indirectly infringing, counterfeiting, or diluting the VERSACE Trademarks or any marks similar thereto, as identified in Exhibit A of the 1st Amended Complaint and on Registry with the United States Patent & Trademark Office, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, and/or offering for sale any merchandise which infringes said trademarks and specifically from:

   (A) Imitating, copying or making unauthorized use of any or all of the GIANNI VERSACE trademarks or trade dress;

   (B) Importing, manufacturing, producing, possessing, distributing, circulating, advertising, promoting, displaying, selling, and/or offering for sale, any non-genuine product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation or reproduces, or utilizes the likenesses of or which copy or are likely to cause consumer confusion with any of the VERSACE trademarks or confusingly similar mark, trade name, trade dress, logos, design or phonetically similar sounding words or symbols;

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

Consent Judgment

4 of 7

  (C) Manufacturing, distributing, selling or offering for sale or in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce or utilize the likenesses of, or which are likely to cause consumer confusion with any of the VERSACE trademarks;

  (D) Using any false designation of origin, false description, including words, symbols or any trademark, trade name, trade dress, logo or design tending to falsely describe or represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, or members of the public, that unauthorized merchandise manufactured, distributed, advertised, sold and/or offered for sale by Defendants originate from VERSACE, or that said merchandise has been sponsored, authorized, endorsed, approved, licensed by, associated, or is in any way connected or affiliated with VERSACE;

  (E) Transferring, consigning, selling, shipping or otherwise moving any non-genuine VERSACE goods, packaging or other materials in the Defendants' possession, custody or control bearing a design, or mark substantially identical to or confusingly similar with or any or all of the GIANNI VERSACE trademarks or trade dress;

  (F) Diluting and infringing the VERSACE trademarks and damaging VERSACE's goodwill, reputation and businesses;

  (G) Otherwise unfairly competing with GIANNI VERSACE, S.p.A., or its subsidiaries or affiliated companies;

  (H) Passing off or selling any products which are not entirely genuine VERSACE products as and for VERSACE products, including products utilizing VERSACE labels, packaging or containers that have been in any way modified without the written permission of VERSACE;

  (I) Applying to the United States Patent & Trademark Office for the registration of any trademark that is a colorable imitation of any or all of the GIANNI VERSACE trademarks, or confusingly similar mark, trade name, trade dress, logos or design;

  (J) Using the VERSACE trademarks or any such reproduction, counterfeit, copy, or colorable imitation in connection with the manufacture, importation, distribution, advertising, publicity, sale and/or offering for sale, of any other merchandise not referred

to above; and

(K) Instructing, assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

3. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of the Settlement Agreement, this Judgment, the enforcement thereof and the punishment of any violations thereof.

4. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

5. Judgment is rendered in favor of VERSACE and against ALI HUSSEIN SALEH, an Individual, as to Count V - TRADEMARK INFRINGEMENT AND COUNTERFEITING (15USC § 1114(1)), subject to the terms of the Settlement Agreement between the parties. This Consent Judgment shall be conclusive for purposes of collateral estoppel regarding all issues of liability that have been or could have been brought on the same operative facts.

6. All causes of action as between VERSACE and MIRIAM SALEH are dismissed with prejudice, and any remaining causes of action as between VERSACE and ALI HUSSEIN SALEH are hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the parties.

7. The parties respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

8. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Judgment and the Settlement Agreement between the parties, and will retain continuing jurisdiction over this cause of action against ALI HUSSEIN SALEH.

9. All counterfeit and infringing VERSACE products seized by VERSACE and any currently in the possession, custody or control of MIRIAM SALEH and/or ALI HUSSEIN SALEH shall be destroyed under the direction of VERSACE.

10. All counterfeit and infringing VERSACE products currently in the possession, custody or control of MIRIAM SALEH and ALI HUSSEIN SALEH shall be surrendered to VERSACE and thereafter shall be destroyed under the direction of VERSACE.

11. Nothing in this Judgment shall be construed or deemed an admission by the parties, nor is there a finding by this Court, that the conduct herein was intentional, deliberate, willful, malicious or fraudulent.

12. This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

**IT IS SO ORDERED.**

DATED: Feb. 08, 2008

_____
UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM AND CONTENT.**

DATED: November 30, 2007        HANEY, BUCHANAN & PATTERSON LLP

By: _____
STEVE HANEY, ESQ.
Attorneys for Defendants,
MIRIAM SALEH
ALI HUSSEIN SALEH

DATED: November 4, 2007        RICHLAND & ASSOCIATES

By: _____
FELIPA R. RICHLAND
ATTORNEYS FOR PLAINTIFF
GIANNI VERSACE, S.p.A.