ORIGINAL

FELIPA R. RICHLAND (SBN 112458)
RICHLAND & ASSOCIATES
8383 Wilshire Boulevard, Suite 708
Beverly Hills, California 90211
Telephone: (323) 651-5951
Facsimile: (323) 651-1088

Attorneys for Plaintiff
GIANNI VERSACE, S.p.A.

Send

FILED
CLERK, U.S. DISTRICT COURT
JUN 17 2008
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

GIANNI VERSACE, S.p.A., a Foreign Corporation,

Plaintiff,

v.

MONIR M. AWADA, an individual, *et al.*,

Defendants.

CASE NO. CV 03-3254 GPS (RNBx)

~~[Proposed]~~

**FINAL JUDGMENT AND PERMANENT INJUNCTION UPON CONSENT**

1. **HIP HOP CONNECTIONS, INC., a California corporation;**
2. **ALI KHALIL ELREDA, an individual.**

Judge: Hon. George P. Schiavelli

Complaint Filed: May 9, 2003

Plaintiff Gianni Versace, S.p.A. ("Versace") and defendants Hip Hop Connections, Inc. and Ali Khalil Elreda hereby stipulate and consent as follows:

WHEREAS, Versace commenced the above-captioned action on or about May 9, 2003 by the filing of a complaint against various persons and entities including defendants Hip Hop Connections, Inc. and Ali Khalil Elreda;

WHEREAS, Versace, on the one hand, and Hip Hop Connections, Inc. and Ali Khalil Elreda, on the other hand, have reached a full and final settlement of the

action, which settlement was memorialized in a written Settlement Agreement (the "Settlement Agreement") pursuant to which they stipulate to the following facts and consent to the entry of this Judgment and Permanent Injunction Upon Consent;

WHEREAS, the parties agree that the Court may make the following findings of fact:

a. that Versace is the owner of the Versace Trademarks set forth below;

b. that the Versace Trademarks set forth below are incontestable within the meaning of the Lanham Act;

c. that the Versace Trademarks set forth below are registered with the United States Patent and Trademark Office and are valid, protectable, subsisting, and in full force and effect;

d. that the Versace Trademarks set forth below are distinctive and famous within the meaning of the Lanham Act; and

e. that Versace made good faith prior use of the Versace Trademarks set forth below and has superior and exclusive rights in and to the Versace Trademarks in the United States and any confusingly similar names or marks, and phonetically similar sounding words which are likely to be confused with the Versace Trademarks;

WHEREAS, as used in this Final Judgment and Permanent Injunction, "Versace Trademarks" means the following trademarks registered with the United States Patent and Trademark Office, copies of the certificates of registration for which are attached as exhibits to the First Amended Complaint in this action:

| Reg. No. | Class | Trademark |
|---|---|---|
| 1,123,748 | IC 025 | GIANNI VERSACE |
| 1,541,272 | IC 009, 014 | GIANNI VERSACE |
| 1,641,270 | IC 018 | GIANNI VERSACE |
| 1,891,546 | IC 003, 018, 025 | GIANNI VERSACE |

| Reg. No. | Class | Trademark |
| --- | --- | --- |
| 1,973,178 | IC 009, 014, 016, 020, 024 | GIANNI VERSACE |
| 2,121,984 | IC 003, 018, 025 | VERSACE |
| 2,190,233 | IC 009 | VERSACE |
| 2,426,052 | IC 018, 025 | VERSACE JEANS COUTURE |
| 1,725,686 | IC 018, 025 | [Medusa design] |
| 2,078,918 | IC 026 | [Medusa design] |

WHEREAS the parties acknowledge and agree that the Court has jurisdiction over the subject matter of this action and over the parties to this Judgment and Permanent Injunction Upon Consent:

NOW THEREFORE it is,

**ORDERED, ADJUDGED AND DECREED** that:

1. This Court has jurisdiction over the subject matter of this action and over the parties to this Judgment and Permanent Injunction Upon Consent;

2. The Court makes the following findings of fact:

a. Versace is the owner of the Versace Trademarks;

b. the Versace Trademarks are incontestable within the meaning of the Lanham Act;

c. the Versace Trademarks are registered with the United States Patent and Trademark Office and are valid, protectable, subsisting, and in full force and effect;

d. the Versace Trademarks are distinctive and famous within the meaning of the Lanham Act; and

e. Versace made good faith prior use of the Versace Trademarks and has superior and exclusive rights in and to the Versace Trademarks in the United States and any confusingly similar names or marks, and phonetically similar sounding words which are likely to be confused with the Versace Trademarks;

///

3. Hip Hop Connections, Inc. and Ali Khalil Elreda, and their officers, agents, servants, employees, successors, assigns, and all other persons in active concert or participation with them, hereby are immediately and permanently restrained and enjoined throughout the world from, directly or indirectly, engaging in any of the following activities:

 a. from imitating, copying, or making unauthorized use of any or all of the Versace Trademarks or trade dress;

 b. from using in commerce any reproduction, counterfeit, copy, or colorable imitation of the Versace Trademarks in connection with the sale, offering for sale, distribution, or advertising of any goods on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive;

 c. from applying any reproduction, counterfeit, copy, or colorable imitation of the Versace Trademarks to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;

 d. from using in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive as to an affiliation, connection, or association between Versace and Hip Hop Connections, Inc. or Ali Khalil Elreda, or as to Versace's sponsorship or approval of the goods of Hip Hop Connections, Inc. or Ali Khalil Elreda;

 e. from transferring, consigning, shipping or otherwise moving any non-genuine Versace goods, or any goods, labels, signs, prints, packages, wrappers, receptacles or advertisements bearing any reproduction, counterfeit, copy, or colorable imitation of the Versace Trademarks, or any goods, labels, signs, prints,

packages, wrappers, receptacles or advertisements bearing any word, term, name, symbol, or device that is confusingly similar to the Versace Trademarks;

  f. from infringing the Versace Trademarks and damaging Versace's goodwill, reputation and businesses;

  g. from otherwise unfairly competing (as defined in Cal. Bus. & Prof. Code § 17200) with Versace, or its subsidiaries or affiliated companies;

  h. from passing off or selling any products which are not entirely genuine Versace products as and for Versace products, including products utilizing Versace labels, packaging or containers that have been in any way modified without the written permission of Versace;

  i. from applying to the United States Patent and Trademark Office for the registration of any trademark that is confusingly similar to the Versace Trademarks;

  j. from using the Versace Trademarks or any such simulation, reproduction, counterfeit, copy, or colorable imitation in connection with the importation, manufacture, production, possessing, distribution, circulation, advertising, promotion, display, publicity, sale and/or offering for sale, of any other merchandise not referred to above; and

  k. from instructing, assisting, inducing, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (j);

  4. The findings of fact made in this Judgment and Permanent Injunction shall be conclusive for purposes of collateral estoppel between Versace and Hip Hop Connections or Ali Khalil Elreda or their successors or assigns;

  5. Hip Hop Connections, Inc. and Ali Khalil Elreda shall surrender to Versace's attorneys at Richland & Associates all counterfeit and infringing goods bearing Versace Trademarks in their possession, custody or control, if any, in accordance with the terms of their Settlement Agreement;

6.   All counterfeit and infringing Versace products seized by or surrendered to Versace shall be destroyed under the direction of Versace;

7.   Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs;

8.   The parties' attorneys' fees, costs and expenses incurred in connection with this action shall be borne by the parties pursuant to the terms of their Settlement Agreement;

9.   This Judgment and Permanent Injunction Upon Consent shall not constitute, nor shall it be construed as, an admission by any of the parties of the truth or validity of any of the claims or liabilities asserted in this action, or of any liability or responsibility therefore, or as an admission of any wrongdoing, nor is there any finding by the Court that any conduct was intentional, deliberate, willful, malicious or fraudulent;

10.   This Judgment and Permanent Injunction Upon Consent shall terminate the action against defendants Hip Hop Connections, Inc. and Ali Khalil Elreda, but the Court shall retain jurisdiction to enforce the terms of the parties' Settlement Agreement and this Judgment and Permanent Injunction Upon Consent; and

11.   This Judgment and Permanent Injunction Upon Consent shall be deemed to have been served on Hip Hop Connections, Inc. and Ali Khalil Elreda upon its execution by the Court and entry upon the Court's docket sheet.

IT IS SO ORDERED.

Dated: 6/17/08

GEORGE P. SCHIAVELLI
UNITED STATES DISTRICT JUDGE

## CONSENTS

The undersigned parties to this Action consent to the entry of this Judgment and Permanent Injunction upon Consent:

**GIANNI VERSACE, S.p.A.**

By: [signature]

Name: MR SANTO VERSACE

Title: PRESIDENT

Date: June 3, 2008

**HIP HOP CONNECTIONS, INC.**

By: ______________________

Name: ______________________

Title: ______________________

Date: ______________________

**ALI KHALIL ELREDA**

______________________

Date: ______________________

## CONSENTS

The undersigned parties to this Action consent to the entry of this Judgment and Permanent Injunction upon Consent:

**GIANNI VERSACE, S.p.A.**

By: ______________________________

Name: ______________________________

Title: ______________________________

Date: ______________________________

**HIP HOP CONNECTIONS, INC.**

By: ______________________________

Name: Ali Awada

Title: President

Date: 6/15/08

**ALI KHALIL ELREDA**

______________________________

Date: ______________________________

## CONSENTS

The undersigned parties to this Action consent to the entry of this Judgment and Permanent Injunction upon Consent:

**GIANNI VERSACE, S.p.A.**

By: ______________________________

Name: ______________________________

Title: ______________________________

Date: ______________________________

**HIP HOP CONNECTIONS, INC.**

By: ______________________________

Name: ______________________________

Title: ______________________________

Date: ______________________________

**ALI KHALIL ELREDA**

______________________________

Date: 6/12/2008