UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANNI VERSACE, S.p.A., a Foreign Corp.<br><br>          Plaintiff,<br><br>     v.<br><br>MONIR M. AWADA, et al.,<br><br>          Defendants. | CASE NO. CV03-3254 GPS (RNBx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

After a Court Trial on the administrative record and closing arguments submitted in writing, the Court rules in favor of Plaintiff GIANNI VERSACE.

The Court bases its decision on the factual and legal conclusions below.

**A. FINDINGS OF FACT**

1. As stated in the Court's March 25, 2008 Order [Dkt # 1098], Plaintiff is the owner of valid trademarks at issue in this case.

2. Again, as stated in the Court's March 25 2008 Order, Defendants, Ana Maria Sandoval and Jose Sandoval, admitted to printing two sets of business cards

1

bearing Plaintiff's trademarks.

3. At trial, Plaintiff presented documentary and testimonial evidence in an attempt to demonstrate Defendants printed additional business cards and labels bearing its trademarks.

4. Although Plaintiff's presentation of evidence was, at best, unclear, the Court considered the entirety of the record in coming to its present decision.

5. After considering all evidence, including the demeanor of all witnesses, the Court finds the Plaintiff failed to demonstrate that Defendants printed and distributed any materials bearing Plaintiff's trademarks, other than the two sets of business cards they admitted to printing. Simply put, Plaintiff failed to prove any of the other alleged materials were "used" in commerce as required to establish a trademark infringement claim.

**B.  CONCLUSIONS OF LAW**

1. As stated in the March 25, 2008 Order, Defendants' printing of two sets of business cards constituted "use" of Plaintiff's marks under 15 U.S.C. §1114 and constitutes trademark infringement in violation of the Lanham Act.

2. As stated in the March 25, 2008 Order, Defendants' printing of two sets of business cards constituted "unfair competition" in violation of Cal. Bus. & Prof. Code §17200, *et seq*.

3. Plaintiff failed to prove that Defendants' conduct was sufficiently connected to any sale of counterfeit goods to constitute "false designation of origin" in violation of 15 U.S.C. §1125(a).

4. After reviewing the entirety of the record, the Court finds that Defendants were not "innocent printers" entitled to the defense specified in 15 U.S.C. §1114(2).

5. Additionally, the Court finds Defendants' affirmative "release" defense to be without merit.

6. Under the law of this Circuit, a trademark plaintiff is entitled to

1  statutory damages under 15 U.S.C. §1117(c) where a defendant: (1) intentionally
2  used a counterfeit mark in commerce; (2) knowing the mark was counterfeit; (3) in
3  connection with the sale, offering for sale, or distribution of goods; and (4) its use
4  was likely to confuse or deceive. *Idaho Potato Comm'n v. G&T terminal*
5  *Packaging, Inc.*, 425 F.3d 708, 721 (9th Cir. 2005).
6      7.    In this case, Defendant intentionally used unauthorized copies of
7  Plaintiff's trademarks in the printing of two sets of business cards. This use of
8  Plaintiff's trademarks was likely to confuse consumers into believing the
9  purchasers of Defendants' business cards were authorized sellers of Versace
10 products.
11     8.    In light of the above, the Court finds Plaintiff is entitled to an award
12 of $2,000 in statutory damages pursuant to 15 U.S.C. §1117(c).[1]
13     9.    Although the Court finds Defendants intentionally used counterfeit
14 Versace marks on its business cards, their conduct did not rise to the level of
15 "willful" trademark infringement.

---

[1] Under 15 U.S.C. § 1117(c), a plaintiff in a trademark action may elect to receive statutory damages instead of actual damages. These damages shall be in the range of $500 to $100,000 per counterfeit mark per type of goods or services and up to $1,000,000 for "willful" violations. 15 U.S.C. § 1117(c). Because Plaintiff was unable to prove Defendants acted "willfully," Plaintiff's actual harm was limited as it was only able to prove Defendants infringed its marks by printing two sets of business cards, and Plaintiff provided no further evidence as to an appropriate amount of statutory damages, the Court finds $2,000.00 to be an appropriate award.

1  10.  Because Plaintiff was able to show Defendants infringed its trademarks, the Court finds Plaintiff is entitled to a permanent injunction pursuant to 15 U.S.C. §1116.

11.  Because Defendants conduct was not "deliberate and willful," this is not an "exceptional" case justifying an award of attorneys' fees to Plaintiff. *See Playboy Enterprises, Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1276 (9th Cir. 1982).

## DISPOSITION

1.  If any of the foregoing Conclusions of Law are also Findings of Fact, they are incorporated into the above Findings of Fact.

2.  Similarly, if any of the foregoing Findings of Fact are also Conclusions of Law, they are incorporated into the above Conclusions of Law.

3.  Each Conclusion of Law is severable from each and every other Conclusion of Law.

4.  As previously established in the March 25, 2008 Order, Plaintiff is entitled to judgment on its claims for trademark infringement and unfair competition as to two sets of business cards. Accordingly, Plaintiff is entitled to $2,000 in statutory damages and an injunction as follows:

Defendants, their parents, children, employees, affiliates, servants, representatives, agents, predecessors, assigns, and successors in interest of any kind, and all persons, firms, entities, or corporations under their direction and control or in active concert or participation with them, are immediately and permanently enjoined throughout the world from directly or indirectly infringing, counterfeiting, or diluting Plaintiff's trademarks, including those on Registry with the United States as being owned by Plaintiff at www.uspto.gov, in any manner, including generally, but not limited to, printing, duplicating, manufacturing, importing, distributing, advertising, selling, and/or offering for sale of any

merchandise which infringes said trademarks and specifically from:

    (A)    Imitating, reproducing, copying, imitating or making any unauthorized use of any and all of Plaintiff's trademarks or trade dress;

    (B)    Importing, manufacturing, producing, possessing, distributing, circulating, advertising, promoting, displaying, selling, and/or offering for sale, any non-genuine product or print materials bearing any simulation, reproduction, counterfeit, copy, or colorable imitation that are likely to cause consumer confusing with any of Plaintiff's trademarks or any confusingly similar mark, trade name, trade dress, logos, designs or phonetically similar words or symbols;

    (C)    Manufacturing, distributing, selling or offering for sale or in connection thereto any unauthorized print and/or promotional materials labels, packaging or contains which picture, reproduce or utilize the likenesses of Plaintiff's trademarks or are likely to cause consumer confusion with any of Plaintiff's trademarks;

    (D)    Using any false designation of origin, false description, including words, symbols or any trademark, trade name, trade dress, logo or design tending to falsely describe or represent, or likely to confuse purchasers or members of the public, that any merchandise associated therewith originate from Plaintiff, or that said merchandise has been sponsored, authorized, endorsed, approved, licensed by, associated with, or is in any other way connected or affiliated with Plaintiff;

    (E)    Transferring, consigning, selling, shipping or otherwise moving any non-genuine goods of Plaintiff or packaging in Defendants' possession, custody or control bearing a design or mark substantially similar or confusingly similar to any of Plaintiff's trademarks or trade dress;

| | | |
|---|---|---|
| 1 | (F) | Diluting or infringing Plaintiff's trademarks by damaging Plaintiff's goodwill, reputation or businesses; |
| 2 | | |
| 3 | (G) | Otherwise unfairly competing with Plaintiff or its subsidiaries or affiliated companies; |
| 4 | | |
| 5 | (H) | Passing off or selling and products that are not genuine entirely VERSACE products as though they are VERSACE products, including products utilizing VERSACE labels, packaging or containers that have been in any way modified without Plaintiff's written permission; |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | (I) | Applying to the United States Patent & Trademark Office for registration of any trademark that is a colorable imitation of any or all of Plaintiff's marks or a confusingly similar mark, trade name, trade dress, logo or design; |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | (J) | Using Plaintiff's trademarks or any such reproduction, counterfeit, copy, or colorable imitation in connection with the manufacture, importation, distribution, advertising, publicity, sale and/or offering for sale, of any other merchandise not referenced in the prior sections of this injunction; |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | (K) | Instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities prohibited in the prior section of this injunction. |
| 20 | | |
| 21 | | |

Dated: 9/8, 2008        By: /s/ *George P. Schiavelli*
                              Honorable George P. Schiavelli
                              United States District Judge

6