FELIPA R. RICHLAND, SBN 112458
**RICHLAND & ASSOCIATES**
499 North Cañon Drive
3rd Floor
Beverly Hills, CA 90210
(323) 651-5951 - Telephone
(323) 651-1088 - Facsimile

Attorneys for Plaintiff,
GIANNI VERSACE, S.p.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GIANNI VERSACE, S.p.A., a Foreign Corporation,<br><br>Plaintiff,<br><br>-vs-<br><br>MONIR M. AWADA, an Individual; MOHAMED BDAIR, an Individual; ALI CHAHINE, an Individual; GINNO CHAHINE, an Individual; MOHAMAD N. CHAHINE, an Individual; NADER CHAHINE, an Individual; MOUSSA DAANA, an Individual; AKIL EL REDA, an Individual; ALI KHALIL ELREDA, an Individual; FIRAS MOHAMMAD FAKIH, an Individual; ALI YOUSSEF FARHAT, an Individual; HASSAN MOHAMAD FARHAT, an Individual; MOHAMAD ALI FARHAT, an Individual; YOUSSEF M. FARHAT, an Individual; ALI ADNAN GHACHAM, an Individual; BASSAM ADNAN GHACHAM, an Individual; TAGRID ADNAN GHACHAM, an Individual; ALI DAOUD GHACHAM, an Individual; HUSSEIN DAOUD GHACHAM, an Individual; MOHAMED GHACHAM, an Individual; OSSAMA DAOUD GHACHAM, an Individual; RAMONA GONZALEZ, an Individual; MAHMOUD H. HARB, an Individual; MAHA ASSAAD JOMAA, an Individual; MOUSSA MATAR, an Individual; HUSSEIN MOURAD, an Individual; SAMIR MOURAD, an Individual; YAMEL | CASE NO.: CV 03-3254 GAF (RNBx)<br><br>**(3rd Revision) FINAL PRE-TRIAL CONFERENCE ORDER re SEVERED DEFENDANTS:**<br><br>  **1. MONIR M. AWADA**<br>  **2. TRES HERMANOS INC.**<br>  **3. AWADA BROS, INC.**<br>  **4. AWADA BROTHERS, INC.**<br><br><br>PTC HRG:  March 30, 2009<br>CRTRM:    740<br>TIME:       3:30 p.m.<br><br>Complaint Filed: May 9, 2003<br><br>Trial Date: **TBD** |

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

-1-

| | |
|---|---|
| 1 | MOURAD, an Individual; **YOUNG JIN PARK**, an Individual; **ABDEL NABI SAAB**, |
| 2 | an Individual; **ALEX SAAB**, an Individual; **ALI HUSSEIN SAAB**, an Individual; **ALI** |
| 3 | **NAIM SAAB**, an Individual; **ELSA SAAB**, an Individual; **HASSAN SAAB**, an Individual; |
| 4 | **HUSSEIN YOUSSEF SAAB**, an Individual; **AHMAD M. SAAB**, an Individual; **TASHIN** |
| 5 | **SAAB**, an Individual; **YOUSEF SAAB**, an Individual; **AHMED KHALIL SALEH**, an |
| 6 | Individual; **HUSSEIN KHALIL SALEH**, an Individual; **MAHMOUD KHALIL SALEH**, |
| 7 | an Individual; **ABBAS SALEH SALEH**, an Individual; **ALI SALEH SALEH**, an |
| 8 | Individual; **HASSAN SALEH SALEH**, an Individual; **HUSSEIN SALEH SALEH**, an |
| 9 | Individual; **NAJIBE SALEH SALEH**, an Individual; **ABBAS MAHMOUD SALEH**, an |
| 10 | Individual; **ALI SLEIMAN SALEH**, an Individual; **HUSSEIN ALI SALEH**, an |
| 11 | Individual; **MIRIAM S. SALEH**, an Individual; **MUSTAPHA ALI SALEH**, an |
| 12 | Individua; **AHMAD SALIM**, an Individual; **IKHLAS SALIM**, an Individual; **ANA** |
| 13 | **MARIA SANDOVAL**, an Individual; **JOSE G. SANDOVAL**, an Individual; **ALI M.** |
| 14 | **TEHFI**, an Individual; **KHALED TEHFE**, an Individual; **NAZIH TEHFE**, an Individual; |
| 15 | **AMA CASUALS, INC.**, a California Corporation; **AWADA BROS, INC.**, a |
| 16 | California Corporation; **AWADA BROTHERS, INC.**, a California Corporation; |
| 17 | **THE BRAND NAME CONNECTION, INC.**, a California Corporation; **CENSO** |
| 18 | **UNICO, INC.**, a California Corporation; **DENIM PALACE, INC.**, a California |
| 19 | Corporation; **GHACHAM, INC.**, a California Corporation; **HIP HOP CONNECTIONS,** |
| 20 | **INC.**, a California Corporation; **JAVINCCI, LLC.**, a California Limited Liability |
| 21 | Corporation; **LA BRAND NAME, INC.**, a California Corporation; **LIMITED** |
| 22 | **CLOTHING, INC.**, a California Corporation; **LOS HERMANOS, INC.**, a California |
| 23 | Corporation; **MAS SPORTSWEAR, INC.**, a California Corporation; **MGM TRADING,** |
| 24 | **INC.**, a California Corporation; **MIRAGE CONNECTION, INC.**, a California |
| 25 | Corporation; **NUEVA TIENDA, INC.**, a California Corporation dba NUEVA TIENDA; |
| 26 | **SAAB & SONS CLOTHING, INC.**, a California Corporation; **SAAB GROUP, INC.**, |
| 27 | a California Corporation; **SPORT JEANS, INC.**, a California Corporation; **TRES** |
| 28 | **HERMANOS INC.**, a California Corporation; |

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

1  and **UNESCO JEANS, INC.**, a California
2  Corporation **aka** UNESCO, INC., and **CINCO DE MAYO, INC**, a California Corporation *aka*
3  5 DE MAYO, INC., *dba* 5 de Mayo, Cinco de Mayo and Five de Mayo, Inclusive,
4                                    Defendants.
5  ———————————————————————
6  / / /
7  / / /
8  / / /
9  / / /
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Richland &
Associates
Attorneys at Law
Beverly Hills

# TABLE OF CONTENTS

1.  THE PARTIES ................................................................. 5
2.  FEDERAL JURISDICTION AND VENUE ................................ 5
3.  TRIAL ESTIMATE ........................................................... 5
4.  JURY TRIAL .................................................................. 5
5.  ADMITTED FACTS .......................................................... 8
6.  STIPULATED FACTS ....................................................... 10
7.  CLAIMS AND DEFENSES TO BE PRESENTED AT TRIAL ......... 11
8.  DEFENDANTS' AFFIRMATIVE DEFENSES ............................ 14
9.  ISSUES REMAINING TO BE TRIED ..................................... 15
10. DISCOVERY .................................................................. 15
11. DISCLOSURES UNDER F.R.CIV.P. 26(A)(3) ........................ 15
12. PARTIES' WITNESS LIST ................................................ 16
13. LAW AND MOTION MATTERS .......................................... 16
14. BIFURCATION OF ISSUES ................................................ 16

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

Following pretrial proceedings, pursuant to Rule 16, F.R.Civ.P. and L.R. 16, IT IS ORDERED:

1. **THE PARTIES**:

    Plaintiff:

    **GIANNI VERSACE, S.p.A.**, a Foreign Corporation;

    Defendants:

    **MONIR M. AWADA**, an Individual

    **TRES HERMANOS, INC.**, a California Corporation

    The pleadings which raise the issues are:

    a.   1st Amended Complaint for Damages

    b.   MONIR M. AWADA and TRES HERMANOS, INC.'s Answer to 1st Amended Complaint.

2. **FEDERAL JURISDICTION AND VENUE**:

    This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 28 U.S.C. § 1331, 1332 and 1338.

    This Court has personal jurisdiction over Defendants as each is domiciled and/or engaged in substantial business within this judicial district.

3. **TRIAL ESTIMATE**:   7 days, subject to further pretrial rulings and supplemnetal bifurcation requests.

4. **JURY TRIAL**:

    The parties agree that in light of the rulings on motions *in limine*, the remaining subjects are to be tried to a jury. **However, the parties are unable to agree on the remaining issues to be tried to a jury.**

    The parties therefore submit concurrently herewith a Stipulation and Proposed Order to permit the filing and hearing on additional pretrial motions for this Court's further rulings on the remaining issues/elements to be tried to the jury.

/ / /

/ / /

**(Part 1)** As to the Claim 1 - Infringement re <u>disputed items</u> - identified as Group A items[1]:

The parties <u>agree</u> that the jury will need to determine the following issue,

1. (A) Are the marks/designs used on the Group A items confusingly similar to the Versace registered trademarks?

The parties <u>disagree</u> that a second element must also be submitted to the jury for a finding of infringement, to wit,

and,

(B) That the similarity of the marks/designs used on the Group A items must be because of features which are not in the public domain.

By stipulation, the parties are requesting pre-trial ruling on this legal issue and are requesting the opportunity to brief it.

**(Part 1)** As to the Claim 1 - Willful

The parties <u>disagree</u> on the element(s) to be submitted to the jury for a finding of willfulness, to wit,

2. (A) Was use of the marks/designs on the Group A items willful?

or,

(B) Was the use of the marks/designs on the Group A items in willful disregard of Versace's trademarks?

There is a genuine dispute between the parties as to whether the jury must find willful conduct only or must find the conduct was done with the intent to infringe.

Further, as an element of damages, there is a dispute as to whether willfulness must be established for Group 'A' items separately from Group 'B' items.

---

[1] Group A items concern shirts, sweaters, jackets, wallets, belts and watches.

By stipulation, the parties are requesting pre-trial ruling on this legal issue and are requesting the opportunity to brief it.

**(Part 1)** As to the Claim 1 - Personal Liability of Monir Awada

The parties <u>disagree</u> on the element(s) to be submitted to the jury for a finding of personal liability re Monir Awada, to wit,

3. (A) Did Monir Awada personally participate in the acts of infringement?

or,

(B) Did Monir Awada personally participate in the acts of infringement, such that the separateness of the corporate entity Tres Hermanos, Inc. Should be disregarded?

There is a genuine dispute between the parties as to whether the jury must be instructed on alter ego or if they need only be instructed on the personal participation test and also whether a finding by the jury of willfulness, for the purpose of enhanced statutory damages, is sufficient to create personal liability for Monir Awada. By stipulation, the parties are requesting pre-trial ruling on this legal issue and are requesting the opportunity to brief it.

The parties <u>agree</u> that the jury will need to determine the following issues (4-6), to wit:

4. - Did the alleged infringement occur within the period of the applicable statute of limitations?

Statutory Damages re

5. - Group 'A' Disputed Items

**(Part 2)**

6. - Statutory Damages re Group 'B'- <u>undisputed items</u>

The parties <u>agree</u> that if statutory damages are imposed as to Group 'A' or Group 'B', that the award must be attributable to a class of goods. The parties <u>disagree</u> as

to whether damages can be imposed for each separate infringement found on each class of goods.

The parties disagree about the remaining claim (7) which would be tried to the Court, to wit:

**(Part 3)**

    7.  -  Constructive Trust

There is a genuine dispute between the parties as to whether constructive trust is a cause of action or a remedy, and further whether there is any current justification for this remedy. By stipulation, the parties are requesting pre-trial ruling on this legal issue and are requesting the opportunity to brief it.

The parties agree that the remaining issues (9-10) to be determined by the Court are:

**(Part 4)**

    8.  -  Injunctive Relief

    9.  -  Attorney's fees & Costs

    10.  -  Prejudgment interest

At least five (5) court days prior to the trial date each party shall e-file special questions requested to be asked on voir dire, if any.

    5.  **ADMITTED FACTS:** The following facts are admitted and require no proof:

Re: LIABILITY AS TO GROUP 'A' ITEMS.

Monir Awada and Tres Hermanos, Inc. admit each of the following facts:

FACT 1.    The VERSACE TRADEMARKS at issue in this case and further identified in Attachment 'A' hereto are on registry with the United States Patent & Trademark Office and at all times relevant to this action, were valid, protectable and incontestable.

FACT 2.    Plaintiff owns the registered VERSACE TRADEMARKS at issue in this

RICHLAND & ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

action, which at all times relevant to this action, were in full force and effect.

FACT 3. The VERSACE TRADEMARKS at issue in this case, at all times relevant to this action, were famous and distinctive.

FACT 4. Plaintiff's prior use of the VERSACE TRADEMARKS has resulted in Plaintiff's superior and exclusive rights in and to the VERSACE TRADEMARKS and any confusingly similar names, marks or phonetically similar sounding words or symbols.

FACT 5. The Group 'A' items/products at issue did not originate with Plaintiff.

FACT 6. The Group 'A' items/products at issue are not authentic products authorized for sale by Plaintiff;

FACT 7. Defendants did not have authorization from Plaintiff to use the VERSACE TRADEMARKS nor any confusingly similar names, marks or phonetically similar sounding words or symbols.

FACT 8. Defendants did not have authorization from Plaintiff to use the marks/designs appearing on Group 'A' items/products.

FACT 9. Plaintiff was and is damaged by infringement of the VERSACE TRADEMARKS.

Re: LIABILITY AS TO GROUP 'B' ITEMS

Defendants Monir Awada and Tres Hermanos, Inc. incorporate herein by reference as though fully set forth below, each of the stated facts admitted to above and identified as FACTS 1 thru 9, and hereby admits FACTS 1 thru 9 are equally applicable to the Group 'B' items at issue in this case , as they are more particularly identified in Attachment 'B' hereto, and further admit the additional Facts 10 thru 14, stated as follows:

FACT 10. Tres Hermanos, Inc. purchased and sold counterfeit clothing bearing registered VERSACE TRADEMARKS, which are identified herein as Group 'B' items.

///

RICHLAND & ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

FACT 11. Group 'B' clothing items seized from each of the nineteen (19) Tres Hermanos store locations bear words and/or designs which are substantially indistinguishable" from plaintiff's registered VERSACE TRADEMARKS at issue;

FACT 12. Tres Hermanos, Inc. used design and word marks[2] on Group 'B' clothing items, which are substantially indistinguishable from plaintiff's registered VERSACE TRADEMARKS without the consent of the plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods;

FACT 13. Defendants' use of the marks/designs on Group 'B' items is likely to cause confusion, mistake, or deception as to the source, affiliation, or sponsorship of Defendants' goods;

FACT 14. The infringed trademarks on Group 'B' items are specifically identified in Attachment 'B' hereto and in summary include:

        Medusa (design marks)

        Gianni Versace (word marks)

        Versace (word marks)

        Versace Jeans Couture (word marks)

        V2 (word marks)

6. **STIPULATED FACTS**: The following facts are stipulated to by the parties and require no proof:

Re: LIABILITY AS TO GROUP 'A' AND 'B' ITEMS

FACT 15. Defendants Monir Awada and Tres Hermanos, Inc. stipulate that the chain of custody was not broken, interrupted, tampered with or otherwise modified as to the items seized and removed from the 19 separate Tres Hermanos store locations commencing from the day of

---

[2] See Attachment 'B' hereto.

seizure (6/7/03) to the presentation of evidence at trial, including, but not limited to, the packing, transport and storage of said items, and the removal and transport of sample items for Court hearings and for inspections.

FACT 16. Any act of Awada Brothers, Awada Brothers, Inc., Awada Bros. Inc. or Awada Bros. is deemed to be an act of Tres Hermanos, Inc.

7. **REMAINING CLAIMS AND DEFENSES TO BE PRESENTED AT TRIAL:**

    (a)    REMAINING CLAIMS re (Group 'A' items):

        CLAIM 1: Trademark Counterfeiting and Infringement (15 USC § 1114(1))

        CLAIM 2:[3] False Designation of Origin (15 USC § 1125)

        CLAIM 3: Unfair Business Practice (Cal. B&P Code § 17200)

REMAINING CLAIMS re (Group 'A' and Group 'B' items):

        CLAIM 4: Constructive Trust (Cal. Civil Code § 2224)

///
///
///
///

---

[3] Claim 2: The parties agree that a finding of liability against any Defendant on Claim 1 re Group A goods is conclusive for the purpose of finding liability on this claim. The parties also agree that the admitted facts specific to the Group 'B' items is conclusive for the purpose of finding liability on this claim.

Claim 3: The parties agree that a finding of liability against any Defendant on Claim 1 re Group A goods is conclusive for the purpose of finding liability on this claim. The parties also agree that the admitted facts specific to the Group 'B' items is conclusive for the purpose of finding liability on this claim.

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

-11-

  (b)  THE ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIMS ARE:

CLAIM 1: Plaintiff must demonstrate:

    Liability re Group 'A' Items:

Plaintiff must demonstrate:

  As set forth in Section 4 - Part 1 - the parties are <u>unable to agree</u> on the remaining elements requiring proof for Claim 1.

    Liability re Group 'B' Items:

  The liability of Defendant Tres Hermanos, Inc. is admitted.

  As set forth in Section 4 - Part 1 - the parties are <u>unable to agree</u> on the elements requiring proof to establish the personal liability of Monir Awada.

    Statutory Damages re Group 'A' and 'B' items:

  As set forth in Section 4 - Part 1 - the parties are <u>unable to agree</u> on the elements requiring proof to establish wilfulness.

  The parties <u>agree</u> that if statutory damages are imposed as to Group 'A' or Group 'B', that the award must be attributable to a class of goods. The parties <u>disagree</u> as to whether damages can be imposed for each separate infringement found on each class of goods.

CLAIM 4:

  As set forth in Section 4 - Part 7 - there parties are <u>unable to agree</u> on the propriety of this claim, and the elements as it would apply to this case.

  (c)  KEY EVIDENCE PLAINTIFF RELIES ON FOR EACH OF THE CLAIMS IS:

  CLAIM 1:

  (1) Documentary, tangible and testimonial evidence establishing that Group 'A' items seized on June 7, 2003 are infringing goods bearing Plaintiff's registered trademarks;

  (2) Documentary, tangible and testimonial evidence establishing Defendants personally imported, manufactured, distributed, sold or offered for sale infringing goods bearing Plaintiff's

registered trademarks;

(3) Reserved for disputed matters referenced herein which have yet to be ruled upon, inlcuding but not limited to evidence concerning alter ego issues.

CLAIM 4:

All of the above and,

(3) Testimonial and documentary evidence regarding Defendants' assets.

Plaintiff seeks a a finding of wilful infringement, award of statutory damages pursuant to 1117(c), award of fees and costs pursuant to 1117(a) and (b), and/or any other provision of law, award of pre-judgment interest, and issuance of a permanent injunction against continued infringement.

The remaining elements required to establish Plaintiff Versace's claims are:

TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1):

1. That the defendant(s) used a mark similar to the plaintiff's registered trademark in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

CONSTRUCTIVE TRUST, CAL. CIV. CODE § 2224[4]::

1. The existence of res (property or some interest in property);
2. The right of the complaining party to that res; and
3. Some wrongful acquisition or detention of the res by another party who is not entitled to it.

///
///
///

---

[4] *In re Real Estate Assocs. P'ship Litig.*, 223 F. Supp. 2d 1109, 1140 (C.D. Cal. 2002) (citing Communist Party v. 522 Valencia, 35 Cal. App. 4th 980, 990 (1995)).

RICHLAND & ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

**8. DEFENDANTS' AFFIRMATIVE DEFENSES:**

1. Statute of Limitations

    (a) Key element is that the alleged infringement did not occur within the period of the applicable statute of limitations.

    (b) Key evidence is the date of purchase for allegedly infringing goods. Witness are: Ali Awada, Monir Awada and Lydia Cordova.

2. No personal liability of Monir Awada

    (a) Key element is that the actions were done within the scope of his responsibility as an employee of Tres Hermanos and that there is no alter ego liability.

    (b) Key evidence is testimony regarding corporate transactions and the books and records of Tres Hermanos which were maintained by book keepers and accountants, including Ali Awada, Monir Awada, Lydia Cordova, Joseph Wozniak, CPA and the legal status of Tres Hermanos as a corporation.

3. Group 'A' items which contain a MEDUSA (with or without the Greek Key) are not infringing as they are not within the scope of the Versace marks.

    (a) Key element is that the scope of the mark does not reach the variety of representations reflected in the garments and the ancient image of the MEDUSA is not proprietary to Versace.

    (b) Key evidence is the expert reports and testimony of Larry Londre and John Stein, the goods seized and their distinctive marks which differ from the seized goods and testimony of Dennis McCann regarding Tres Hermanos advertising.

///

///

9. **IN VIEW OF THE ADMITTED FACTS AND ELEMENTS REQUIRED TO ESTABLISH THE CLAIMS AND AFFIRMATIVE DEFENSES, THE FOLLOWING ISSUES REMAIN TO BE TRIED.**

Re GROUP 'A' ITEMS

Items seized from the Tres Hermanos store locations, which bear only a MEDUSA design mark without any registered word marks owned by Plaintiff. Group 'A' items with disputed MEDUSA design marks remaining at issue are itemized as follows:

  Belts    -   8 designs. (Subject to modification at trial)
  Clothing -   14 designs. (Subject to modification at trial)
  Watches  -   1 design
  Wallets  -   3 designs

(1) Plaintiff alleges these designs infringe the registered MEDUSA design marks owned by Plaintiff and at issue in this action.

Defendants claim that the designs do not violate the MEDUSA registered trademarks at issue in this action;

(2) The individual liability of Monir Awada;

(3) Willfulness of any of the infringing conduct;

(4) Statute of limitations; and

(5) Statutory Damages.

10. **DISCOVERY:** The following discovery is ordered to be conducted and finalized on or before:

_____

_____

_____.

11. **DISCLOSURES UNDER F.R.CIV.P. 26(A)(3):** Disclosures under F.R.Civ.P. 26(a)(3) are continuing.

The Revised Joint Exhibit List previously referenced is amended, corrected and revised following rulings on the motions *in limine* and will be filed under separate

cover.

**12. PARTIES' WITNESS LIST:** Th Revised Joint Witness List previously referenced is amended, corrected and revised following rulings on the motions *in limine* and will be filed under separate cover. The parties reserve the right to call witnesses not listed or added for impeachment.

Each party intending to present evidence by way of deposition testimony will mark such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

1. Deposition of Monir Awada Volumes 1 and 2

**13. LAW AND MOTION MATTERS:** The following additional law and motion matters and are contemplated:

BY PLAINTIFF:

1. Judgment on the pleadings re Group B items.
2. Judgment on the pleadings (partial) re liability on Group A items on issues of (1) infringement, (2) personal participation and (3) willfulness.
3. Motion to substitute witness for unavailable witness.

BY DEFENDANTS:

4. Motion to Dismiss Count 4 - Constructive Trust
5. Motion to Bifurcate issue of willfulness on Group A items from issue of willfulness on Group B items.
6. Motion to Bifurcate issue of Awada's personal liability and from the issue of wilfulness.

**14. BIFURCATION OF ISSUES:** Bifurcation of the following issues for trial is ordered:

PART 1    Liability re Group 'A' items
PART 2    Statutory damages under 15 §1117 (c) re Group 'A' items.
PART 3    Statutory damages under 15 §1117 (c) re Group 'B' items.

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

PART 4    Constructive Trust.

The parties <u>disagree</u> as to whether the issue of alter ego liability should be tried and bifurcated.

The foregoing admissions and stipulations having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this 3rd Revised Final Pretrial Conference Order re: Monir Awada, Awada Brother's Inc., Awada Bros. Inc. and Tres Hermanos, Inc. shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM AND CONTENT.**

DATED: March 10, 2009                    RICHLAND & ASSOCIATES

                                         By:   /s/
                                            _____
                                            Felipa R. Richland,
                                            Attorneys for Plaintiff
                                            GIANNI VERSACE, S.p.A.

DATED: March 10, 2009                    KANE, BALLMER, BERKMAN

                                         By:   /s/
                                            _____
                                            Bruce Gridley
                                            Attorneys for Defendants
                                            MONIR AWADA
                                            TRES HERMANOS INC.

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

# Attachment 'A'

# GROUP 'A' TRADEMARK VIOLATIONS

| IC CLASS | DESCRIPTION | GV REG. TRADEMARKS | |
|---|---|---|---|
| 14 | WATCHES<br><br>105,108,129,238,258<br>247 / watch face | MEDUSA | No. 1,875,093 |
| | | GIANNI VERSACE | No. 1,973,178 |
| 18 | LEATHER/IMITATION LEATHER<br><br>209 / wallets | MEDUSA | NO. 1,725,686 |
| | | GIANNI VERSACE | NO. 1,891,546 |
| | | VERSACE | NO. 2,121,984 |
| 25 | CLOTHING<br><br>14,194, 387, 501,575,636 /Shirts<br>55, 364 / Leather belts<br>365,367 / Leather jackets/coats<br>675 / Sweaters<br>335 / Jeans<br>574 / Tshirts | MEDUSA | NO. 1,725,686 |
| | | VERSACE | NO. 2,121,984 |
| | | VERSUS | NO. 2,487,129 |
| 26 | NOTIONS<br><br>49,50 / Buttons<br>217 / Shirt buttons<br>80,81 / Embroidery<br>203 / Rivets buttons<br>232 / Strap Buckles<br>27 / Buckles not of precious metal<br>253 / zipper pulls<br>228 / Snap fasteners | MEDUSA | NO. 2,078,918 |

# Attachment 'B'

# GROUP 'B' ITEMS
# TRADEMARK VIOLATIONS

| IC CLASS | DESCRIPTION | GV REG. TRADEMARKS |
|---|---|---|
| 25 | CLOTHING<br><br>14,194, 387, 501,575,636 /Shirts<br>55, 364 / Leather belts<br>365,367 / Leather jackets/coats<br>675 / Sweaters<br>335 / Jeans<br>574 / Tshirts | MEDUSA   No. 1,725,686<br><br>GIANNI VERSACE   No. 1,123,748<br><br>GIANNI VERSACE   No. 1,891,546<br><br>VERSACE   No. 2,121,984<br><br>VERSACE JEANS COUTURE   No. 2,426,052<br><br>V2 BY VERSACE   No. 1,683,789 |
| 26 | NOTIONS<br><br>49,50 / Buttons<br>217 / Shirt buttons<br>80,81 / Embroidery<br>203 / Rivets buttons<br>232 / Strap Buckles<br>27 / Buckles not of precious metal<br>253 / zipper pulls<br>228 / Snap fasteners | MEDUSA   No. 2,078,918 |