LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 03-3254-GAF | Date | July 7, 2009 |
|---|---|---|---|
| Title | Gianni Versace v. Monir M. Awada, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**     **(In Chambers)**

# ORDER RE: INSTRUCTIONAL ISSUES

The parties presented the Court with a stipulation identifying issues – that largely pertain to jury instructions – on which they sought an opportunity to submit briefing. The Court is not convinced that, at least with respect to some of those issues, further briefing is required. The Court provides the parties with the following further guidance. Versace should note the Court's order regarding the submission of an additional memorandum with respect to No. 6 below.

1. Elements and Necessary Proof Regarding Personal Liability of Awada

The law is quite clear that Awada may be found personally liable for infringement to the extent that he participated in infringing acts whether or not he was acting as an officer, employee or agent of Tres Hermanos. The Court addressed this issue in ruling on a motion in limine several months ago. As Judge Pregerson noted in Playboy Enterprises Inc. v. Chen, 1997 WL 829339, at *14 (C.D. Cal. 1997):

> Where, as here, a sole shareholder, officer and director of a corporation participates in violations of the Lanham Act, the corporate principal is personally liable. See 3 McCarthy on Trademarks § 25:24. Such liability in no way depends on piercing the corporate veil or alter ego. Id. It is grounded rather on the Lanham Act's reference to "any person" who violates elements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-3254-GAF | Date | July 7, 2009 |
|---|---|---|---|
| Title | Gianni Versace v. Monir M. Awada, et al. | | |

of the statute. Id. § 25:21.1.

See also Transgro, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir. 1985).

 The issue then is how to instruct the jury on this issue. Trademark law protects several different objectives: (1) protecting the public from being misled as to the source or origin of goods; (2) protecting the right of the trademark owner to identify itself to the public and its reputation in offering goods and services to the public; and (3) protecting the public interest in fair competition in the marketplace. See Ninth Circuit Model Instruction No. 15.4. Infringement of a registered trademark, therefore, means using the mark in a way that: (1) is likely to confuse consumers as to the source or origin of goods; (2) is likely to cause confusion as to the origin or quality of the goods; and/or (3) constitutes unfair competition by using the mark to create confusion as to the origin and quality of the goods. Id. Therefore, any acts on the part of Monir Awada that further any of these improper objectives would subject him to personal liability for trademark infringement, and, if undertaken on behalf of Tres Hermanos, would also subject the corporation to liability. A modified instruction on vicarious liability should be adequate to address the issue as follows:

> The present lawsuit involves claims that Defendant Tres Hermanos, a corporation, engaged in acts of trademark infringement and unfair competition as defined elsewhere in these instructions. Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors or officers. Therefore, a corporation is responsible for any act of trademark infringement on the part of its employees, agents, directors, and officers performed within the scope of authority. The jury will be required to determine whether any employee, agent, officer or director of Tres Hermanos, acting on behalf of the corporation, engaged in any act of trademark infringement.
>
> In addition, any officer of the corporation who engaged in acts of trademark infringement may likewise be held personally liable for trademark infringement. In this case, the Plaintiff alleges that Monir Awada, an officer and owner of Tres Hermanos, engaged in such acts. It will be for the jury to determine whether Defendant Awada personally engaged in acts of

Case 2:03-cv-03254-GAF-RNB   Document 1470   Filed 07/07/09   Page 3 of 6   Page ID #:5571
LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-3254-GAF | Date | July 7, 2009 |
|---|---|---|---|
| Title | Gianni Versace v. Monir M. Awada, et al. | | |

trademark infringement and unfair competition as defined elsewhere in these instructions.

2. <u>Elements and Necessary Proof Regarding Willfulness</u>

To the extent that willfulness is an issue at trial, the Court will instruct the jury on the issue based on Ninth Circuit Model Instruction No. 15.27 as modified by Judge Matz in a case involving a dispute over the trademarks of Abercrombie & Fitch:

> If you find that the defendant infringed the plaintiff's trademark, you must also determine whether the defendant did so willfully. A party willfully infringes a trademark if it:
>
> (1) adopts the mark attempting to gain the value of an established name of another; or
>
> (2) adopts the mark with a deliberate intent to deceive; or
>
> (3) knows another may have superior rights in the trademark it adopts and nevertheless deliberately fails to investigate.
>
> Plaintiff has the burden of proving willfulness by a preponderance of the evidence.

See Comment to Ninth Circuit Model Instruction No. 15.27; <u>Lindy Pen Co., Inc. v. Bic Pen Corp.</u>, 982 F.2d 1400, 1406 (9th Cir.), <u>cert. denied</u>, 510 U.S. 815 (1993); see also <u>Playboy Enterprises, Inc. v. Baccarat Clothing Co., Inc.</u>, 692 F.2d 1272 (9th Cir. 1982) (use of counterfeit trademark to market goods as genuine products of trademark owner established "exceptional case" for purpose of awarding attorney's fees); <u>Hard Rock Café Licensing Corp. V. Concession Servs.</u>, 955 F,2d 1143m 1149 (7th Cir. 1992) (willful blindness to suspected wrongdoing and failing to investigate held equivalent to actual knowledge); <u>adidas-America, Inc. v. Payless Shoesource, Inc.</u>, 546 F.Supp.2d 1029, 1046 (D.Or. 2008) (willfulness carries connotation of a knowing act calculated to deceive and to exploit the advantage of an established mark).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-3254-GAF | Date | July 7, 2009 |
|---|---|---|---|
| Title | Gianni Versace v. Monir M. Awada, et al. | | |

3.  Elements and Necessary Proof for a Finding of Confusing Similarity

The parties will be ordered to submit further briefing on this issue at a later date.

4.  Whether Trademark Protection Extends to Confusing Similar Names, Marks or Phonetically Similar Sounding Words or Symbols

The parties will be ordered to submit further briefing on this issue at a later date.

5.  Elements and Necessary Proof For Constructive Trust

Given the election of Versace to pursue a claim for statutory damages, the Court is uncertain why the parties continue to discuss a constructive trust. The imposition of a constructive trust is an equitable remedy, not a claim, and is a device "used by a court of equity to compel a person who has property to which he is not justly entitled to transfer it to the person entitled thereto." 11 Witkin, Summary of California Law, Trusts § 305, at 1138 (9th ed. 1990). As stated in Civil Code Section 2223, "one who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner." See also Calistoga Civic Club v. Calistoga, 143 Cal.App.3d 111, 116 (1983) (any wrongful acquisition of property where retention of the property would unjustly enrich the recipient sufficient to warrant imposition of constructive trust).

Accordingly, if this case proceeds to trial and evidence has been presented that Defendants are in possession of wrongfully acquired property, Plaintiff may request the Court to impose a constructive trust on that property for its benefit. This is an issue for resolution by the Court, not the jury, and requires only possession of property wrongfully acquired.

6.  Method for Calculating the Number of Infringements

Because Versace has elected to seek statutory damages in lieu of actual damages, the Court must determine how to compute those damages. The applicable language in 15 U.S.C. § 1117(c) provides:

In a case involving the use of a counterfeit mark (as defined in section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-3254-GAF | Date | July 7, 2009 |
|---|---|---|---|
| Title | Gianni Versace v. Monir M. Awada, et al. | | |

> 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of--
>
>> (1) not less than $1,000 or more than $200,000 per counterfeit mark *per type of goods or services sold, offered for sale, or distributed*, as the court considers just; or
>>
>> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark *per type of goods or services sold, offered for sale, or distributed*, as the court considers just.

The statutory language therefore provides for an award of statutory damages for each counterfeit mark per each type of goods sold or offered for sale. The just amount of damages (from $1,000 to $200,000), per mark per type of goods is then determined, but if the infringement is deemed willful, the figure may increase to $2,000,000 per mark per type of good.

      Defendants contend that Plaintiff seeks to equate the "type of goods sold" to the categories established in the Nice Classification of Goods, which would arguably permit a shirt to count as two "types of goods" in certain instances. Defendants contend that the Nice classification system has never been used to determine "type of goods" for purposes of imposing statutory damages, and instead proposes a "functional purpose" test articulated in cases like <u>Gucci America, Inc. v. MyReplicaHandbag.com</u>, 2008 WL 512789 (S.D.N.Y. 2008). The Court tends to agree. The proposition that Versace can seek statutory damages for the same type of item (e.g., a shirt) twice because it falls into two different Nice classification categories tends to violate the concept that a party should be precluded from receiving a double recovery. However, the Court does not appear to have received briefing on the issue from Versace. Accordingly, Versace will be given until the close of business on July 17, 2009, to submit a memorandum, not exceeding 10 pages, regarding the issue. If Versace files nothing, the Court will adopt the reasoning set

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-3254-GAF | Date | July 7, 2009 |
|---|---|---|---|
| Title | Gianni Versace v. Monir M. Awada, et al. | | |

forth in Defendant's memorandum on the issue.

**IT IS SO ORDERED.**