1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GIANNI VERSACE, S.p.A., a Foreign Corporation,<br><br>　　　　　　Plaintiff,<br><br>　　　-vs-<br><br>**MONIR M. AWADA**, an Individual; **MOHAMED BDAIR,** an Individual; **ALI CHAHINE**, an Individual; **GINNO CHAHINE**, an Individual; **MOHAMAD N. CHAHINE**, an Individual; **NADER CHAHINE**, an Individual; **MOUSSA DAANA**, an Individual; **AKIL EL REDA**, an Individual; **ALI KHALIL ELREDA**, an Individual; **FIRAS MOHAMMAD FAKIH**, an Individual; **ALI YOUSSEF FARHAT**, an Individual; **HASSAN MOHAMAD FARHAT,** an Individual; **MOHAMAD ALI FARHAT**, an Individual; **YOUSSEF M. FARHAT**, an Individual; **ALI ADNAN GHACHAM**, an Individual**; BASSAM ADNAN GHACHAM**, an Individual; **TAGRID ADNAN GHACHAM**, an Individual; **ALI DAOUD GHACHAM**, an Individual; **HUSSEIN DAOUD GHACHAM**, an Individual; **MOHAMED GHACHAM**, an Individual; **OSSAMA DAOUD GHACHAM**, an Individual; **RAMONA GONZALEZ**, an Individual; **MAHMOUD H. HARB**, an Individual; **MAHA ASSAAD JOMAA**, an Individual; **MOUSSA MATAR**, an Individual; **HUSSEIN MOURAD**, an Individual; **SAMIR MOURAD**, an Individual; **YAMEL** | CASE NO.: CV 03-3254 GAF (RNBx)<br><br>**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION FOLLOWING JURY TRIAL ON DAMAGES AND GRANT OF SUMMARY JUDGMENT (PARTIAL) RE LIABILITY ON THE BIFURCATED CLAIMS IDENTIFIED AS GROUP 'B' re DEFENDANTS:**<br><br>1.　**MONIR M. AWADA**<br>2.　**TRES HERMANOS INC.**<br>3.　**AWADA BROTHERS, INC.**<br>4.　**AWADA BROS., INC**<br><br><br><br>COMPLAINT FILED: May 9, 2003<br><br>TRIAL DATE: April 20, 2010 |

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

-1-

| | |
|---|---|
| 1 | **MOURAD**, an Individual; **YOUNG JIN PARK**, an Individual; **ABDEL NABI SAAB**, |
| 2 | an Individual; **ALEX SAAB**, an Individual; **ALI HUSSEIN SAAB**, an Individual; **ALI** |
| 3 | **NAIM SAAB**, an Individual; **ELSA SAAB**, an Individual; **HASSAN SAAB**, an Individual; |
| 4 | **HUSSEIN YOUSSEF SAAB**, an Individual; **AHMAD M. SAAB**, an Individual; **TASHIN** |
| 5 | **SAAB**, an Individual; **YOUSEF SAAB**, an Individual; **AHMED KHALIL SALEH**, an |
| 6 | Individual; **HUSSEIN KHALIL SALEH**, an Individual; **MAHMOUD KHALIL SALEH**, |
| 7 | an Individual; **ABBAS SALEH SALEH**, an Individual; **ALI SALEH SALEH**, an |
| 8 | Individual; **HASSAN SALEH SALEH**, an Individual; **HUSSEIN SALEH SALEH**, an |
| 9 | Individual; **NAJIBE SALEH SALEH,** an Individual; **ABBAS MAHMOUD SALEH**, an |
| 10 | Individual; **ALI SLEIMAN SALEH,** an Individual; **HUSSEIN ALI SALEH**, an |
| 11 | Individual; **MIRIAM S. SALEH**, an Individual; **MUSTAPHA ALI SALEH**, an |
| 12 | Individua; **AHMAD SALIM**, an Individual; **IKHLAS SALIM**, an Individual; **ANA** |
| 13 | **MARIA SANDOVAL**, an Individual; **JOSE G. SANDOVAL**, an Individual; **ALI M.** |
| 14 | **TEHFI**, an Individual; **KHALED TEHFE**, an Individual; **NAZIH TEHFE,** an Individual; |
| 15 | **AMA CASUALS, INC.**, a California Corporation; **AWADA BROS, INC.**, a |
| 16 | California Corporation; **AWADA BROTHERS, INC.**, a California Corporation; |
| 17 | **THE BRAND NAME CONNECTION, INC.**, a California Corporation; **CENSO** |
| 18 | **UNICO, INC.**, a California Corporation; **DENIM PALACE, INC.,** a California |
| 19 | Corporation; **GHACHAM, INC.,** a California Corporation; **HIP HOP CONNECTIONS,** |
| 20 | **INC.**, a California Corporation; **JAVINCCI, LLC.**, a California Limited Liability |
| 21 | Corporation; **LA BRAND NAME, INC.**, a California Corporation; **LIMITED** |
| 22 | **CLOTHING, INC.**, a California Corporation; **LOS HERMANOS, INC.,** a California |
| 23 | Corporation; **MAS SPORTSWEAR, INC.**, a California Corporation; **MGM TRADING,** |
| 24 | **INC.**, a California Corporation; **MIRAGE CONNECTION, INC.,** a California |
| 25 | Corporation; **NUEVA TIENDA, INC.**, a California Corporation **dba** NUEVA TIENDA; |
| 26 | **SAAB & SONS CLOTHING, INC.**, a California Corporation; **SAAB GROUP, INC.**, |
| 27 | a California Corporation; **SPORT JEANS, INC.**, a California Corporation; **TRES** |
| 28 | **HERMANOS INC.**, a California Corporation; |

RICHLAND & ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

| | |
|---|---|
| 1 | and **UNESCO JEANS, INC.**, a California Corporation **aka** UNESCO, INC.,and CINCO DE MAYO, INC, a California Corporation aka 5 DE MAYO, INC., dba 5 de Mayo, Cinco de Mayo and Five de Mayo, Inclusive, |
| 2 | |
| 3 | |
| 4 | Defendants. |
| 5 | |

Following a jury trial on damages commencing April 20, 2010 and concluding May 5, 2010, and upon grant of summary judgment re liability following consideration of the moving and opposing papers, additional briefing submitted by both parties, oral argument, and on the tangible evidence presented to this Court,

**IT IS HEREBY ORDERED** that Judgment be entered for Plaintiff GIANNI VERSACE S.p.A. and against Defendants MONIR M. AWADA, TRES HERMANOS, INC., AWADA BROTHERS, INC. and AWADA BROS., INC.**,** both jointly and severally, as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Following the Court's grant of summary judgment re liability, the court makes the following findings of fact and conclusions of law regarding the Defendants liability on Counts V, VI and IX of the 1st Amended Complaint asserted by VERSACE, as follows:

Plaintiff GIANNI VERSACE S.p.A. is the owner of the following trademarks on registry with the United States Patent and Trademark Office and hereafter referred to as the "VERSACE TRADEMARKS":

        'GIANNI VERSACE' - No. 1,891,546  (word mark)

        'VERSACE' - No. 2,121,984  (word mark)

        'VERSACE CLASSIC V2' - No. 2,387,508  (word mark)

        'VERSACE JEANS COUTURE' - No. 2,426,052  (word mark)

        [MEDUSA] - No. 1,725,686  (design mark)

        [MEDUSA] - No. 2,078,918 (design mark)

The VERSACE TRADEMARKS registered on the principal register of the United States Patent & Trademark Office are incontestable pursuant to 17 U.S.C. §1065.

RICHLAND & ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

1. The VERSACE TRADEMARKS at issue in this case, and at all times relevant to this action, were in full force and effect.

2. The VERSACE TRADEMARKS at issue in this matter are world famous and distinctive.

3. Plaintiff's prior use of the VERSACE TRADEMARKS has resulted in Plaintiff's superior and exclusive rights in and to the VERSACE TRADEMARKS and any confusingly similar names, marks or phonetically similar sounding words or symbols.

4. Defendants MONIR AWADA and TRES HERMANOS, INC. had neither the right nor the authority to use the VERSACE TRADEMARKS for any purpose.

5. Despite the lack of authority to do so, Defendants MONIR AWADA and TRES HERMANOS, INC., and their agents acting on their behalf advertised, sold and offered for sale, counterfeit clothing bearing VERSACE TRADEMARKS.

6. Defendants, MONIR AWADA and TRES HERMANOS, INC. adopted and began using infringing word and design marks which are substantially indistinguishable from the following VERSACE TRADEMARKS:

'GIANNI VERSACE' - Reg. No. 1,891,546 (word mark)

'VERSACE' - Reg. No. 2,121,984 (word mark)

'VERSACE CLASSIC V2' - Reg. No. 2,387,508 (word mark)

'VERSACE JEANS COUTURE' - Reg. No. 2,426,052 (word mark)

[*MEDUSA*] - Reg. No. 1,725,686 (design mark)

[*MEDUSA*] - Reg. No. 2,078,918 (design mark)

7. Defendants, MONIR AWADA and TRES HERMANOS, INC. 's use of marks which incorporate one or more of the VERSACE TRADEMARKS, is likely to cause confusion as to source or origin.

8. Defendants, MONIR AWADA and TRES HERMANOS, INC. 's use of marks which incorporate one or more of the VERSACE TRADEMARKS, traded on the good will and reputation of VERSACE.

/ / /

The infringing conduct by Defendants MONIR AWADA and TRES HERMANOS, INC. willful within the meaning of 15 U.S.C. §§ 1117(a) and (c).

The infringing goods include twenty two (22) separate counterfeit trademark violations, for purposes of the statutory damage calculation under 15 U.S.C. § 1117(c).

## DAMAGES

**IT IS FURTHER ORDERED THAT** pursuant to the jury verdict rendered May 5, 2010, Plaintiff is awarded (1) statutory damages in the amount of Twenty Million Dollars ($20,000,000.00); (2) prejudgment interest in the amount of Nine Hundred Eighty Thousand Dollars ($980,000.00); (3) costs according to proof; and (4) fees subject to proof.

## PERMANENT INJUNCTION

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

1.  Defendants MONIR AWADA and TRES HERMANOS, INC. violated the Federal Lanham Act as alleged in COUNT V TRADEMARK INFRINGEMENT AND COUNTERFEITING (15USC § 1114(1)); COUNT VI - False Designation of Origin (15 USC § 1125(a)): and COUNT IX - State Unfair Competition (Cal. Bus. & Prof. Code § 17200).

2.  Defendants MONIR AWADA and TRES HERMANOS, INC., their parents, subsidiaries, related entities, divisions, officers, owners, shareholders, employees, affiliates, servants, representatives, agents, predecessors, assigns and successors in interest of any kind, and all persons, firms, entities, or corporations under their direction and control or in active concert or participation with them, are immediately and permanently enjoined throughout the world from directly or indirectly infringing, counterfeiting, or diluting the VERSACE TRADEMARKS at issue, to wit: 'GIANNI VERSACE' - Reg. No. 1,891,546; 'VERSACE' - Reg. No. 2,121,984; 'VERSACE CLASSIC V2' - Reg. No. 2,387,508 ; 'VERSACE JEANS COUTURE' - Reg. No. 2,426,052; [MEDUSA DESIGN] - Reg. No. 1,725,686; [MEDUSA

1  DESIGN] - Reg.No. 2,078,918 , or any marks similar thereto, or any marks owned by
2  GIANNI VERSACE S.p.A. on Registry with the United States Patent & Trademark Office
3  ( www.uspto.gov), in any manner, including generally, but not limited to manufacturing,
4  importing, distributing, advertising, selling, and/or offering for sale any merchandise which
5  infringes said trademarks and specifically from:

    (A)  Imitating, copying or making unauthorized use of any or all of the GIANNI VERSACE trademarks or trade dress;

    (B)  Importing, manufacturing, producing, possessing, distributing, circulating, advertising, promoting, displaying, selling, and/or offering for sale, any non-genuine product bearing any simulation, reproduction, counterfeit, copy, phonetically similar sounding words, or colorable imitation or reproduces, or utilizes the likenesses of or which copy or are likely to cause consumer confusion with any of the GIANNI VERSACE trademarks or trade dress;

    (C)  Manufacturing, distributing, selling or offering for sale or in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce or utilize the likenesses of, or which are likely to cause consumer confusion with any of the GIANNI VERSACE trademarks;

    (D)  Using any false designation of origin, false description, including words, symbols or any trademark, trade name, trade dress, logo or design tending to falsely describe or represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, or members of the public, that unauthorized merchandise manufactured, distributed, advertised, sold and/or offered for sale by Defendants originate from VERSACE, or that said merchandise has been sponsored, authorized, endorsed, approved, licensed by, associated, or is in any way connected or affiliated with GIANNI VERSACE;

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

|   |   |   |
|---|---|---|
| 1 | (E) | Transferring, consigning, selling, shipping or otherwise moving any non-genuine VERSACE goods, packaging or other materials in the Defendants' possession, custody or control bearing a design, or mark substantially identical to or confusingly similar with or any or all of the GIANNI VERSACE trademarks or trade dress; |
| 6 | (F) | Diluting and infringing the GIANNI VERSACE trademarks and damaging VERSACE's goodwill, reputation and businesses; |
| 8 | (G) | Otherwise unfairly competing (as defined under Cal. B&PC §17200) with GIANNI VERSACE, S.p.A., or its subsidiaries or affiliated companies; |
| 11 | (H) | Passing off or selling any products which are not entirely genuine VERSACE products as and for VERSACE products, including products utilizing VERSACE labels, packaging or containers that have been in any way modified without the written permission of GIANNI VERSACE, S. p.A.; |
| 16 | (I) | Applying to the United States Patent & Trademark Office for the registration of any trademark that is a colorable imitation of any or all of the GIANNI VERSACE trademarks, or confusingly similar mark, trade name, trade dress, logos or design; |
| 20 | (J) | Using the GIANNI VERSACE trademarks or any such reproduction, counterfeit, copy, or colorable imitation in connection with the manufacture, importation, distribution, advertising, publicity, sale and/or offering for sale, of any other merchandise not referred to above; and |
| 25 | (K) | Instructing, assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to above. |
| 28 | / / / | |

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

3. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment, the enforcement thereof and the punishment of any violations thereof.

4. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

5. Judgment is rendered in favor of VERSACE and against MONIR AWADA, TRES HERMANOS, INC., AWADA BROTHERS, INC. and AWADA BROS., INC. as to COUNT V TRADEMARK INFRINGEMENT AND COUNTERFEITING (15USC § 1114(1)); COUNT VI - FALSE DESIGNATION OF ORIGIN (15 USC § 1125(A)): AND COUNT IX - STATE UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200) and is awarded damages, as follows:

    (1) Damages in the amount of Twenty Million Dollars ($20,000,000.00);

    (2) Prejudgment interest in the amount of Nine Hundred Eighty Thousand Dollars ($980,000.00);

    (3) Costs subject to proof; and

    (4) Attorneys Fees subject to proof.

6. This Judgment shall be conclusive for purposes of collateral estoppel regarding all issues of liability that have been or could have been brought on the same operative facts.

7. All counterfeit and infringing VERSACE products currently in the possession, custody or control of MONIR AWADA and TRES HERMANOS, INC., their parents, subsidiaries, related entities, divisions, officers, owners, shareholders, employees, affiliates, servants, representatives, agents, predecessors, assigns and successors in interest of any kind, and all persons, firms, entities, or corporations under their direction and control or in active concert or participation with them, shall be turned over to counsel for Plaintiff within ten (10) business days of this Order and destroyed under the direction of VERSACE.

///

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

8. This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

**IT IS SO ORDERED**.

DATED: May _____, 2010

_____
HON. JUDGE GARY A. FEESS
UNITED STATES DISTRICT JUDGE

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS